1   LANAHAN & REILLEY
    MICHAEL J.M. BROOK  SBN  139595
2   600 BICENTENNIAL WAY STE 300
    SANTA ROSA, CA  95403
3   (707) 524-4200; (FAX) 523-4610
    e-mail mbrook@lanahan.com
4

5   Attorney for Plaintiff

6

7

8                UNITED STATES DISTRICT COURT

9               EASTERN DISTRICT OF CALIFORNIA

10

11  ERIN BOGDAN,                          CASE NO.

12           Plaintiff,                    COMPLAINT FOR:
    v.
13                                         1. VIOLATION OF THE TRUTH IN
    COUNTRYWIDE HOME LOANS,                   LENDING ACT (15 USC § 1601)
14  SELECT PORTFOLIO SERVICING,            2. VIOLATION OF CALIFORNIA
    DECISION ONE MORTGAGE                      ROSENTHAL ACT
15  COMPANY, RECONSTRUCT                    3. NEGLIGENCE
    COMPANY, N.A., MORTGAGE                 4. VIOLATION OF REAL ESTATE
16  ELECTRONIC REGISTRATION                    SETTLEMENT PROCEDURES ACT
    SYSTEMS, INC., HOME SWEET HOME             (12 USC § 2605)
17  REALTY AND MORTGAGE, ANITA             5. BREACH OF FIDUCIARY DUTY
    ROMAN, ERIC MORALES                     6. FRAUD
18  and DOES 1-20 inclusive,               7. VIOLATIONS OF CALIFORNIA
                                              BUSINESS & PROFESSIONS CODE §
19           Defendants.                       17200
                                           8. BREACH OF CONTRACT
20  _____/     9. BREACH OF IMPLIED COVENANT
                                              OF GOOD FAITH AND FAIR
21                                             DEALING
                                           10.  WRONGFUL FORECLOSURE
22

23                                         DEMAND FOR JURY TRIAL

24

25

26

27

28
                                    1
                              COMPLAINT

Plaintiff Erin Bogdan (hereinafter "Plaintiff"), by and through her counsel, for her Complaint against Defendants Countrywide Home Loans, Select Portfolio Servicing, Decision One Mortgage Company, Reconstruct Company, N.A., Mortgage Electronic Registration Systems, Inc., Home Sweet Home Realty and Mortgage, Anita Roman and Eric Morales (collectively hereinafter "Defendants"), pleads as follows:

## JURISDICTION AND VENUE

1.    This court has subject matter jurisdiction based on federal question under 28 U.S.C. § 1331 and 1367, 18 USC § 1964(c) and 15 U.S.C. § 1640(e).  This is an action asserting violations of Federal Statutes commonly known as TILA, RESPA, and Regulation Z, with additional claims under California State Law.  These claims all arise out of the same controversy and sequence of events.

2.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), in that a substantial part of the events giving rise to the claim occurred in this judicial district.

3.    This court has personal jurisdiction over the parties as all Defendants engage in business within the State of California and the Eastern District and thus have sufficient contacts.

4.    Jurisdiction of this Court for the pendent State claims is authorized by Federal Rule of Civil Procedure 18(a).

5.    Defendants and each of them, regularly engage in business in the State of California and regularly provide loans to residents in the State of California who wish to obtain a mortgage loan and who contact or are contacted by a loan officer for assistance in obtaining the necessary financing.

6.    Plaintiff brings this action against Defendants for damages and harm resulting from the Defendants' negligent, fraudulent and unlawful conduct concerning a residential mortgage loan transaction with Plaintiff. The residential mortgage concerned the property located at 4684 N. Windward Way, Clovis, County of Fresno, State of California.

# PARTIES

7.     Plaintiff lives at the residential property located at 4684 N. Windward Way, Clovis, County of Fresno, State of California.

8.     Plaintiff is informed and believes, and thereon alleges that at all times mentioned in this Complaint, Defendants Countrywide Home Loans, Select Portfolio Servicing, Decision One Mortgage Company, Mortgage Electronic Registration Systems, Inc. and Reconstruct Company, N.A.,  are diversified financial marketing and services corporations engaged primarily in residential mortgage banking and related businesses.

9.     Plaintiff is informed and believes, and thereon alleges that Mortgage Electronic Registration System Inc., ("MERS") is a Delaware corporation engaged in the business of holding title to mortgages.  It does business in California as evidenced by inclusion of its name in the deed of trust.  MERS is not registered to do business in California and its agent for service of process resigned March 25, 2009.  The deed of trust in this case states "The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS.  This security instrument secures to Lender (i) repayment of the Loan and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and Note. For this purpose, the Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale the following described property.

10.     Plaintiff is informed and believes and thereon alleges that MERS conduct with respect to the promissory notes and deeds of trust in this case are governed by "MERS Terms and Conditions" applicable to Defendant Bank which state that:

> "MERS shall serve as mortgagee of record with respect to all such mortgage loans solely as a nominee, in an administrative capacity, for the beneficial owner or owners thereof from time to time. MERS shall have no rights whatsoever to any payments made on account of such mortgage loans, to any servicing rights related to such mortgage loans, or to any mortgaged properties securing such mortgage loans. MERS agrees not to assert any rights (other than rights specified in the Governing Documents) with respect to such mortgage loans or mortgaged properties. References herein to

3

1     "mortgage(s)" and "mortgagee of record" shall include deed(s) of
      trust and beneficiary under a deed of trust and any other form of
2     security instrument under applicable state law."

3     11.    As a result of such conditions, MERS has no beneficial interest or rights to

4   enforce the terms of the promissory note pursuant to the terms of California Commercial Code

5   including but not limited to Sections 1201 subdivision (21), 3301, and 3309 because it is not in

6   possession of the promissory note and has no authority to conduct any non-judicial foreclosure

7   sale.

8     12.    Plaintiff is informed and believes, and thereon alleges that at all times mentioned

9   in this Complaint, Defendants Home Sweet Home Realty and Mortgage, Anita Roman, and Eric

10  Morales sold Plaintiff the mortgages in question in this matter.

11    13.    Plaintiff is informed and believes, and thereon alleges that at all times mentioned

12  in this Complaint, Defendant Eric Morales was the loan officer who sold Plaintiff the mortgage at

13  issue.  At that time, Defendant Eric Morales was licensed by the California Department of Real

14  Estate as a Salesperson.  Defendant Eric Morales held himself out to Plaintiff as a loan officer

15  employed by Home Sweet Home Realty and Mortgage and was acting within the course and scope

16  of that employment when they came into contact with Plaintiff and sold Plaintiff the mortgages at

17  issue in this case.

18    14.    Plaintiff is informed and believes, and thereon alleges that at all times mentioned

19  in this Complaint, that Defendant Anita Roman is a Real Estate Broker, licensed by the State of

20  California Department of Real Estate, and the Broker of record for Home Sweet Home Realty and

21  Mortgage.

22    15.    Plaintiff is ignorant of the true names and capacities of the Defendants sued herein

23  under the fictitious names Does 1 through 20, inclusive, and Plaintiff will amend this complaint to

24  allege such names and capacities as soon as they are ascertained.  Plaintiff is informed and

25  believes and thereon alleges that each of said fictitiously named Defendants is responsible in some

26  manner for the acts complained of herein.

27    16.    Plaintiff is informed and believes and thereon alleges that Defendants and each of

28

4

**COMPLAINT**

1  them at all relevant times herein were and still are agents for one another, and acting under the

2  course and scope thereof, with knowledge and consent of each other.

3

4                                    **FACTUAL BACKGROUND**

5          17.     This action arises out of a loan and foreclosure related activity to the property of

6  which the Plaintiff is the rightful owner.

7          18.     Plaintiff is informed and believe and thereon alleges that beginning in 1998,

8  lenders developed a scheme to rapidly infuse capital into the home mortgage lending system by

9  selling mortgages on the secondary market, normally three to five times to create a bankruptcy

10  remote transaction, then pooling them into large trusts, securitizing the pool and selling these

11  securities on Wall Street as Mortgage Back Securities, bonds, derivatives and insurances, often for

12  20 or 30 times the original mortgage.

13         19.     Plaintiff is informed and believe and thereon alleges that in "selling" these

14  mortgage notes on the secondary market, Defendants failed to follow the simple legal

15  requirements for the transfer of a negotiable instrument and an interest in real property.  While

16  lenders could have simply gone to Congress and obtained modifications to existing law that would

17  allow for their envisioned transfers, they did not.  Instead the lenders, Defendants included, simply

18  ignored the law, hoping nobody would notice.

19         20.     Plaintiff is informed and believe and thereon alleges that, in fact, no interest in

20  Plaintiff's mortgage notes, deeds of trust or property were ever legally transferred to any of the

21  Defendants and the Defendants are, in effect, legal strangers to this contractual transaction.

22         21.     Further, Plaintiff is informed and believes and thereon alleges that, as this process

23  became more and more profitable, the underwriting requirements were repeatedly reduced to

24  ensure more and more unsuspecting borrowers.  As the lenders reduced the underwriting

25  requirements, they introduced the concept of "churning" loans, and calculated plan to repeatedly

26  refinance borrowers loans, taking as much equity as possible and artificially driving up housing

27  prices.

28

22.    Plaintiff is informed and believe and thereon alleges that lenders regularly trained, directed, authorized and/or participated with mortgage brokers to implement this scheme, giving them monetary incentives to violate the borrowers trust.

23.    In June 2005, Defendant Eric Morales approached the Plaintiff, telling her that he was the loan officer for Home Sweet Home Realty and Mortgage and solicited her to finance her residence.

24.    Defendant Morales advised the Plaintiff that he could get her the "best deal" and the "best interest rates" available on the market.  Defendant Morales knew or should have known that these assurances were false and misleading.

25.    When Plaintiff applied for this loan, she accurately described her income and provided Defendant Morales with documentation of her income including tax returns, bank statements, W-2s and 1099s. Plaintiff is now informed and believe and thereon allege that her income was over stated on the loan application by Defendant Morales without her knowledge or permission. Plaintiffs are informed and believe and thereon allege that Defendant's underwriters knew or should have known of the fraudulent information on the loan application but approved the loan anyway. Plaintiff is informed and believes and thereon alleges that Defendant Morales fraudulently overstated Plaintiff's income for purposes of loan approval.  Plaintiff is now informed and believes and thereon alleges that her loan application (form 1003) stated that her income was $7950.00 but Plaintiff's income was only $3600.00 at the time the loan at issue.

26.    Plaintiff was told by Defendant Morales that she could only qualify for only these particular loan programs.  Plaintiff has a credit score of 649 and is informed and believes and thereon alleges that she could have qualified for a better structured loan.

27.    Plaintiff was not told by Defendant Morales or Defendant Roman that the second mortgage obtained for her contained a two year prepayment penalty and a balloon payment. Defendant Morales had represented to Plaintiff that both loans would fully amortize and that there would be no penalty payoff.  With these terms, it would be very costly for Plaintiff to refinance these loans if they became unaffordable.

6

**COMPLAINT**

1    28.    The combined payments for the two loans totaled approximately 65% of Plaintiff's

2  income. Plaintiff is informed and believes and therefore alleges that 65% debt to income ratio far

3  exceeds lending guidelines and she should not have qualify for these loans.  Without

4    29.    Defendant Eric Morales further advised Plaintiff that if the loans ever became

5  unaffordable, he would simply refinance them into an affordable loan, something the Defendant

6  Eric Morales knew or should have known was false and misleading.  Defendant Eric Morales

7  knew or should have known that these misrepresentations were designed to induce Plaintiff to

8  accept these loans, to his detriment.

9    30.    Plaintiff was not given a copy of any of the loan documents prior to closing as

10  required.  At closing Plaintiff was only given a few minutes to sign the documents.  The

11  documents were not explain, nor was Plaintiff allowed to review them.  Plaintiff was simply told

12  to sign and initial the various documents.  Further, Plaintiff did not receive the required copies of

13  a proper notice of cancellation.

14    31.    The facts surrounding the loan transactions were purposefully hidden to prevent

15  Plaintiff from discovering the true nature of the documents and facts surrounding the transactions

16  continue to be hidden from Plaintiff to this day.

17    32.    On or about June 9, 2006, Plaintiff completed the loans on the property.  The terms

18  of the loans were memorialized in promissory notes which in turn was secured by a Deeds of

19  Trust on the property.  The Deeds of Trust identified First American Title Company, as trustee

20  and Decision One Mortgage Company as Lender of both the first and second mortgage at issue in

21  this complaint.

22    33.    The second mortgage Deed of Trust also identified "MERS" (Mortgage Electronic

23  Registration Systems, Inc) as nominee for lender and lenders successors and assigns, and the

24  beneficiary.  Plaintiff is informed and believes and thereon alleges, MERS has no standing in this

25  arena as they are not licensed or chartered to be and/or act as a nominee or beneficiary. MERS

26  was developed to be a document storage company, not a nominee or beneficiary. Therefore, the

27  above stated Deed of Trust must fail as there is no standing for MERS to assert a beneficial

28

7

**COMPLAINT**

1  interest. Further, Plaintiff is informed and believes and thereon alleges that MERS is not licensed

2  to do business in the State of California or registered with the State of California.

3      34.    On June 10, 2009, a Qualified Written Request under RESPA was mailed to

4  Defendants, Countrywide Home Loans and Select Portfolio Servicing which included a demand to

5  cancel the pending Trustee Sale and to rescind the loans under the provisions of TILA.

6  Defendants Countrywide Home Loans and Select Portfolio Servicing have yet to respond to the

7  request.

8      35.    On information and belief, Plaintiff alleges that Defendants are not "person entitled

9  to enforce" the security interest under the Notes and Deeds of Trust as defined in California

10  Commercial Code § 3301.  Plaintiff alleges that Defendants sold their home loans to other

11  financial entities, which "pooled" large numbers of loans, put them into trusts, and sold securities

12  based on them.  Plaintiff alleges that the Defendants do not own the loan that is the subject of this

13  action and are not entitled to enforce the security interest.

14      36.    On information and belief, Plaintiff alleges that Defendants regularly approved

15  loans to unqualified borrowers, and implemented practices that were certainly questionable.

16  Further, Plaintiff alleges that Defendant lenders employed brokers and loan officers whom worked

17  on commissions, meaning the more loans they sold, the more money they received.  Plaintiff

18  alleges that Defendant's loan officers received a greater commission or bonus for placing

19  borrowers in loans with relatively higher yield spread premiums, and therefore borrowers were

20  steered and encouraged into loans with less favorable terms or for loans which the borrowers were

21  not qualified to obtain.

22      37.    Defendants are attempting to obtained putative legal title to Plaintiff's Property

23  without having established that it was ever a "person entitled to enforce" the security interest

24  under the Notes and Deeds of Trust.  Upon information and belief,  Plaintiff contends that

25  Defendants in fact are not a person entitled to enforce said interest.  Upon information and belief,

26  Plaintiff contend that no legal transfer of a mortgage note, deed of trust or any other interest in

27  Plaintiff property was effected that gave any of the Defendants the right to be named a trustee,

28

**COMPLAINT**

1   mortgagee, beneficiary or authorized agent of trustee, mortgagee or beneficiary of Plaintiff's

2   mortgage note, deed of trust or any other interest in Plaintiff's property.

3        38.    Plaintiff entered into a consumer credit transactions (hereafter sometimes referred

4   to as "Loan Transactions") with Defendant Decision One Mortgage Company  in which the

5   extended consumer credit was subject to a finance charge and which was initially payable to

6   Defendants. Plaintiff entered into two loan as part of the loan transactions, a first and second trust

7   deed.

8        39.    Defendants Decision One Mortgage Company  and as agent of the lender, Anita

9   Roman, were required to provide Plaintiff certain disclosures pursuant to the TILA. Under TILA

10  and Reg. Z, Defendants were required to clearly and conspicuously disclose the "amount

11  financed" and the "finance charge," among other things, in connection with the loans.

12       40.    Plaintiff's loan is subject to the Federal Truth in Lending Act, 15 U.S.C. § 1601 et

13  seq., ("TILA") and its implementing regulations, 12 C.F.R. Part 226 "Reg.Z"). TILA grants a

14  consumer a three-day right to cancel certain types of real estate loan transactions.  This three-day

15  right to cancel applies to Plaintiff's loan with Defendants Pursuant to 15 U.S.C. § 1635(a), the

16  three-day cancellation period begins upon the latter of the following events: (1) the

17  "consummation of the transaction;" (2) the "delivery of the information and rescission forms"

18  required by that section; or (3) delivery of accurate "material disclosures" required by TILA. 15

19  U.S.C. § 1635(a).  The "material disclosures" that must be delivered include accurate disclosure of

20  the annual percentage rate, all finance charges and the amount financed. 15 U.S.C. § 1602 (u).  If

21  the required notice of cancellation are not provided, or if the required "material disclosures" are

22  not delivered, then the right to cancel extends to three years after the date of the loan, or if the

23  facts of the transaction were hidden from the consumer, three years from the date consumer

24  discovered the hidden facts, 15 U.S.C. § 1635(f).  If a consumer has the right to rescind against a

25  creditor, the right will also apply to any assignees of that creditor. 15 U.S.C. § 1641(c).

26       41.    A consumer may exercise their right to cancel a transaction by delivery of a written

27  notification of the consumer's wish to cancel the transaction to the creditor's place of business.

28

9

**COMPLAINT**

1 Notice is effective upon mailing and notice on the agent servicing the loan is effective notice on

2 the holder of the mortgage. 12 C.F.R. § 226.23(a) (2).

3    42.    When a consumer rescinds a transaction, the security interest giving rise to the

4 right of rescission becomes void and the consumer is not liable for any amount, including any

5 finance charge. 15 U.S.C. § 1635(b).

6    43.    Within twenty (20) days after the receipt of a consumer's election to cancel the

7 transaction, the creditor must return to the consumer all money or property given, including all

8 interest and finance charges paid, and shall take all action necessary or appropriate to reflect the

9 termination of any security interest created under the transaction. 15 U.S.C. § 1635(b); 15 C.F.R.

10 § 226.23(d).

11    44.    When the loan was consummated, Plaintiff did not receive the required documents

12 and disclosures, including, but not limited to, the Truth in Lending Disclosure and the required

13 number of copies of the Notice of Right to Cancel containing the date that the rescission period

14 expires.  Plaintiff is entitled to damages for violations that occurred at the time of the

15 consummation of the loan transaction.

16    45.    On February 23, 2009 a Notice of Default was filed in Fresno County.

17    46.    On or about May 29, 2009 Defendant sent Plaintiff a Notice of Trustee Sale.

18    47.    On information and belief, Plaintiff alleges in all the wrongful acts alleged herein,

19 Defendants and each of them have utilized the United States mail, telephones and internet in

20 furtherance of their pattern of unlawful and illegal conduct to collect on negotiable instruments

21 when they are not entitled to do so.

22    48.    On information and belief, Plaintiff alleges that Defendants, in committing the acts

23 alleged in this Complaint and in other cases, are engaging in a pattern of unlawful and illegal

24 activity.  In pursuing the non-judicial foreclosure, Defendants represented that they have the right

25 to payment under the note, payment of which was secured by the deed of trust.  Whereas, in fact,

26 the Defendants were not the real parties in interest, were not the legal trustee, mortgagee or

27 beneficiary, nor were they authorized agents of the trustee, mortgagee or beneficiary, nor where

28

**COMPLAINT**

1   they in possession of the note or holders of the note nor non-holders of the note entitled to

2   payment, as those terms are used in California Commercial Code Sections 3301 and 3309, and

3   therefore they were proceeding to foreclose without rights under the law.  Further, Defendants

4   fraudulently added costs and charges to the payoff amount of the note that were not justified or

5   proper under the terms of the note or law.

6        49.    On information and belief, Plaintiff alleges that Defendants misrepresented the

7   facts intending to force Plaintiff to either pay large sums of money to Defendants to which they

8   were not entitled or to abandon the property to foreclosure sale to Defendants' profit.

9

10                            **FIRST CAUSE OF ACTION**

11                        **VIOLATION OF TRUTH IN LENDING ACT**

12                              **15 U.S.C. § 1601 et seq.**

13        **(Against Defendants Countrywide Home Loans, Select Portfolio Servicing and**

14                          **Decision One Mortgage Company )**

15        50.    Plaintiff incorporates herein each and every allegation set forth above.

16        51.    The loan transaction at issue is a consumer credit transaction subject to the

17   provisions of TILA.

18        52.    Defendants Countrywide Home Loans, Select Portfolio Servicing and Decision

19   One Mortgage Company are "creditors" as that term is defined by 15 U.S.C. §1602.  The

20   transaction between Plaintiff and these Defendants was a consumer loan transactions wherein the

21   Defendants extended credit to the Plaintiff and such credit was secured by an interest purportedly

22   held by the Defendants in the Property.

23        53.    As a consumer credit transaction, the Defendants were required to provide to

24   Plaintiff mandatory Truth-in-Lending disclosure statements and notice of the borrower's right to

25   rescind, specifying the date on which the three-day rescission period expires.  If the lending

26   institution fails to provide the rescission information, the borrower may rescind the loan within

27   three years after it was consummated. 15 U.S.C. § 1635(a) and (f); 12 CFR § 226.23(b)(5).  If the

28

**COMPLAINT**

1  borrower timely exercises his right to rescind, the security interest giving rise to the right of

2  rescission becomes void.

3      54.    In the course of the transaction described herein, Defendants violated TILA in

4  numerous ways, including, but not limited to: failing to provide required disclosures prior to

5  consummation of the transaction; failing to make required disclosures clearly and conspicuously

6  in writing; failing to timely deliver to Plaintiff certain notices required by statute; placing terms

7  prohibited by statute into the transaction; and failing to disclose all finance charge details and the

8  annual percentage rate based upon properly calculated and disclosed finance charges and amounts

9  financed.

10      55.    Records from the transaction indicate that Defendants extended credit to Plaintiff

11  without regard to her ability to pay and falsified relevant income and the appraisal to get the loan

12  approved.  Plaintiff is informed and believes and thereon alleges that Defendants have a pattern

13  and practice of extending credit to consumers under high rate mortgages without regard to the

14  consumers' repayment ability or the actual value of the property.

15      56.    Because of these violations, Plaintiff has a continuing right to rescind the loan

16  transaction for up to three years after consummation of the transaction.  Plaintiff hereby give

17  notice of rescission by and through this Complaint.

18      57.    Because of these violations, Defendants are liable to Plaintiff in the amount of

19  twice the finance charge, actual damages to be established at trial, and costs in accordance with 15

20  U.S.C. § 1640(a).  Plaintiff is also entitled to: rescission of the loan transaction; an order requiring

21  Defendants to take all actions necessary to terminate any security interest in the Property created

22  under the transaction and a declaration by the Court that the security interest is void; expungement

23  of any foreclosure instruments, including but not limited to any Notice of Default or Notice of

24  Trustee's Sale, relating to the transaction from any public record; removal of any derogatory

25  information reported to any credit reporting agency or credit reporting bureau relating to the

26  transaction; the return to Plaintiff of any money given by Plaintiff to anyone, including

27  Defendants, in connection with the loan transaction; statutory damages; costs and reasonable

28

12

**COMPLAINT**

1  attorney's fees; and such other relief as the Court may deem just and proper.

2       58.    As a result of Defendants' misconduct, Plaintiff has suffered and continues to

3  suffer damages in an amount to be proven at trial, which she is entitled to recover.  Moreover,

4  Defendants' misconduct was in conscious disregard of Plaintiff's rights, willful, malicious, and

5  outrageous, and therefore punitive damages are warranted and demanded.

6       59.    As a result of Defendants' misconduct, the loan was void and unenforceable as of

7  its inception, and therefore Plaintiff is entitled to rescind the loan agreement and promissory note

8  and does hereby demand rescission.

9       60.    As a result of Defendants' misconduct, Plaintiff is entitled to declaratory and

10  injunctive relief preventing Defendants from taking any action to collect on the loan, and/or to

11  foreclose upon the Property, and/or to transfer the Property.

12  **SECOND CAUSE OF ACTION**

13  **VIOLATION OF CALIFORNIA ROSENTHAL ACT**

14  **(Against Defendants Countrywide Home Loans, Select Portfolio Servicing, Decision One**

15  **Mortgage Company, Mortgage Electronic Registration Systems, Inc. and Reconstruct**

16  **Company, N.A.)**

17       61.    Plaintiff incorporates herein each and every allegation set forth above.

18       62.    Defendants' actions constitute a violation of the Rosenthal Act in that they

19  threatened to take actions not permitted by law, including but not limited to: foreclosing upon a

20  void security interest; foreclosing upon a note of which they were not in possession nor otherwise

21  entitled to payment; falsely stating the amount of a debt; increasing the amount of a debt by

22  including amounts that are not permitted by law or contract; and using unfair and unconscionable

23  means in an attempt to collect a debt.

24       63.    Defendants' actions have caused Plaintiff actual damages, including, but not

25  limited to: severe emotional distress, including, but not limited to, loss of appetite, frustration,

26  fear, anger, helplessness, nervousness, anxiety, sleeplessness, sadness and depression.

27       64.    As a result of Defendants' violations, Plaintiff is entitled to statutory damages in an

28

13

**COMPLAINT**

1  amount to be determined at trial, actual damages according to proof, and costs and reasonable

2  attorneys' fees.

3

4                              **THIRD CAUSE OF ACTION**

5                                   **NEGLIGENCE**

6                              **(Against all Defendants)**

7        65.    Plaintiff incorporates herein each and every allegation set forth above.

8        66.    Plaintiff is informed and believes and thereon alleges that Defendants Home Sweet

9  Home Realty and Mortgage, Anita Roman and Eric Morales breached their duty to Plaintiff to

10  perform acts as brokers of loans in such a manner as to cause Plaintiff harm or use such

11  Defendants' knowledge and skill to direct Plaintiff into a loan for which Plaintiff did not qualify

12  for based upon her income as stated in documents provided by Defendants.

13        67.    Plaintiff is informed and believes and thereupon alleges that Defendants further

14  breached their duty to Plaintiff by directing her into loan transactions that they may not have

15  otherwise qualified for by industry standards resulting in excessive fees paid for the loan

16  transactions and payments in excess of Plaintiff's ability to pay.

17        68.    Plaintiff is further informed and believes and thereupon alleges that Defendants

18  Countrywide Home Loans, Select Portfolio Servicing, Decision One Mortgage Company,

19  Reconstruct Company, N.A., and Mortgage Electronic Registration System, Inc. all breached their

20  duty to Plaintiff by their failure to perform acts in such a manner as to not cause Plaintiff harm.

21  Plaintiff is informed and believes and thereupon alleges that Defendants failed to maintain the

22  original mortgage notes, failed to properly create original documents, and failed to make the

23  required disclosures to the Plaintiff.

24        69.    Further, Plaintiff is informed and believes and thereupon alleges that Defendants

25  took payments to which they were not entitled, charged fees they were not entitled to charge and

26  made or otherwise authorized reporting to various credit bureaus wrongfully.

27        70.    As a result of Defendant's negligence, Plaintiff is entitled to damages according to

28

1    proof and/or other relief as the court deems just.

2

3

4                           **FOURTH CAUSE OF ACTION**

5           **VIOLATION OF REAL ESTATE SETTLEMENT PROCEDURES ACT**

6                            **12 U.S.C. § 2605 et seq.**

7    **(Against Defendants Countrywide Home Loans, Select Portfolio Servicing, Decision One**

8       **Mortgage Company, Home Sweet Home Realty and Mortgage and Anita Roman )**

9           71.    Plaintiff incorporates herein each and every allegation set forth above.

10          72.    The loan transactions between Plaintiff and Defendants are mortgage loans covered

11   by RESPA.

12          73.    A violation of RESPA is also made unlawful under California state law by

13   Financial Code Section 50505, which states: "Any person who violates any provision of [RESPA]

14   or any regulation promulgated thereunder, violates this division [California Residential Mortgage

15   Lending Act]."

16          74.    Plaintiff is not certain at this time exactly which of Defendants was actually the

17   servicer of the loans at any given time.  However, due to the conspiratorial nature of the misdeeds

18   alleged herein, and also due to Defendants' general failure to properly advise Plaintiff as to the

19   roles and identities of the various entities that were purportedly handling his loan at any given

20   time, these allegations are made as to all Defendants.

21          75.    Defendants violated RESPA at the time of closing on the sale of the Property by

22   failing to correctly and accurately comply with disclosure requirements.

23          76.    Defendants violated RESPA, 12 U.S.C. § 2605(e)(2) by failing and refusing to

24   provide a written explanation or response to Plaintiff's Qualified Written Request.

25          77.    Plaintiff is informed and believes, and thereon alleges, that Defendants have

26   engaged in a pattern or practice of non-compliance with the requirements of the mortgage servicer

27   provisions of RESPA as set forth in 12 U.S.C. § 2605.

28

                                      15

78.     As a result of Defendants' failure to comply with RESPA, Plaintiff has suffered and continues to suffer damages and costs of suit.  Plaintiff is entitled to recover statutory damages, actual damages in an amount to be determined at trial, and costs and reasonable attorney's fees.

### FIFTH CAUSE OF ACTION

### BREACH OF FIDUCIARY DUTY

**(Against Defendants Eric Morales, Home Sweet Home Realty and Mortgage,**

**Decision One Mortgage Company and Anita Roman)**

79.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

80.     Defendants were agents for Plaintiff, by express and implied contract and by operation of law.

81.     Plaintiff is informed and believes and thereon alleges that Defendant Decision One Mortgage Company directly ordered, authorized or participated in the broker's tortious conduct.

82.     Plaintiff hired Home Sweet Home Realty and Mortgage, Anita Roman, and Eric Morales as her agents for the purpose of obtaining loans to finance her home.

83.     Pursuant to their agreement, Plaintiff agreed to pay a commission from the proceeds of her loans.

84.     Defendants, by and through their agents, owed a fiduciary duty to Plaintiff to act primarily for her benefit, to act with proper skill and diligence, and not to make a personal profit from the agency at the expense of its principal.

85.     As Plaintiff's agent, Defendants owed a duty of loyalty and a duty to deal fairly with her at all times.

86.     Defendants willfully or recklessly breached their fiduciary duty and duty of loyalty by obtaining  mortgage loans for her that had unfavorable terms and that she could not ultimately afford, by not disclosing the negative consequences of said loans, by securing a secret profit by not properly complying with the Truth In Lending Act, the Real Estate Settlement Procedures Act and by not engaging in an unfair business practice.

87.     Defendants Decision One Mortgage Company and Anita Roman, through their

**COMPLAINT**

1  own action, interfered with the obligations of Defendant Eric Morales by offering incentives to

2  breach the fiduciary duty by creating and participating in a scheme which creates an illusion to

3  consumers that they are being informed of all of the material facts when in fact they are not.

4       88.    Plaintiff has been damaged as a result of Defendants' breach, and as such is

5  entitled to actual damages.

6       89.    The actions of Defendants in conscious disregard of Plaintiff's rights and in

7  deliberately committing a breach of fiduciary duty authorize the imposition of punitive damages,

8  pursuant to the provisions of California Civil Code § 3294 in that they show willful misconduct,

9  malice, fraud, wantonness, oppression, or that entire want of care which would raise the

10  presumption of a conscious indifference to consequences.

11

12  **SIXTH CAUSE OF ACTION**

13  **FRAUD**

14  **(Against all Defendants)**

15       90.    Plaintiff incorporates herein each and every allegation set forth above.

16       91.    As alleged herein, Defendants, and each of them, have made several

17  representations to Plaintiff with regard to material facts.

18       92.    These material representations made by Defendants were false.

19       93.    Defendants knew that these material representations were false when made, or

20  these material representations were made with reckless disregard for the truth.

21       94.    Defendants intended that Plaintiff rely on these material representations.

22       95.    Plaintiff reasonably relied on said representations.

23       96.    As a result of Plaintiff's reliance, she was harmed and suffered damages.

24  Plaintiff's reliance on Defendants' false material representations was a substantial factor in

25  causing Plaintiff harm.

26       97.    Defendants are guilty of malice, fraud or oppression, as defined in California Civil

27  Code Section 3294, and Defendants' actions were malicious and done willfully, in conscious

28

1  disregard of the rights and safety of Plaintiff, in that the actions were calculated to injure Plaintiff.

2  As such, Plaintiff is entitled to recover, in addition to actual damages, punitive damages to punish

3  Defendants and to deter future misconduct.

4

5                          **SEVENTH CAUSE OF ACTION**

6    **VIOLATIONS OF CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200**

7                            **(Against all Defendants)**

8         98.    Plaintiff incorporates herein each and every allegation set forth above.

9         99.    Plaintiff is informed and believes and thereon alleges that Defendants committed

10  unlawful, unfair, and/or fraudulent business practices, as defined by California Business and

11  Professions Code Section 17200, by engaging in the unlawful, unfair, and fraudulent business

12  practices alleged herein.

13        100.   As a result of Defendants' wrongful conduct, Plaintiff has suffered various

14  damages and injuries according to proof at trial.

15        101.   Plaintiff seeks injunctive relief enjoining Defendants from engaging in the unfair

16  business practices described herein.

17        102.   Plaintiff further seeks restitution, disgorgement of sums wrongfully obtained, costs

18  of suit, reasonable attorneys' fees, and such other and further relief as the Court may deem just and

19  proper.

20

21                          **EIGHTH CAUSE OF ACTION**

22                            **BREACH OF CONTRACT**

23   **(Against Defendants Eric Morales, Anita Roman and Decision One Mortgage Company )**

24        103.   Plaintiff incorporates herein each and every allegation set forth above.

25        104.   Plaintiff fully performed her duties under the contract with Defendants Eric

26  Morales, Anita Roman and Decision One Mortgage Company .  However, Defendants breached

27  their agreement with Plaintiff as alleged above by failing to exercise reasonable efforts and due

28

**COMPLAINT**

1  diligence as promised.  Further, Defendants breached their agreement with Plaintiff by committing

2  acts including, but not limited to, intentionally or negligently failing to obtain payment and

3  interest rates as promised, failing to submit an accurate loan application, failing to supervise,

4  failing to provide loan documents for Plaintiff's review prior to closing and failing to explain the

5  loan documents to Plaintiff.

6       105.    Plaintiff attempted to perform her duties under the loan contract.  However, after

7  the loan agreement was signed, the Plaintiff's payment increased substantially and Defendants

8  failed to refinance the mortgages as promised.

9       106.    Defendants breached their agreement to Plaintiff to provide Plaintiff with

10  affordable loans.  This breach by Defendants has sent Plaintiff into foreclosure instead of

11  financing her mortgages as agreed.

12       107.    As a result of Defendants' wrongful conduct, Plaintiff has suffered various

13  damages and injuries according to proof at trial.

14       108.    Plaintiff further seeks restitution, disgorgement of sums wrongfully obtained, costs

15  of suit, reasonable attorneys' fees, and such other and further relief as the Court may deem just and

16  proper.

17                          **NINTH CAUSE OF ACTION**

18      **BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

19                             **(Against all Defendants)**

20       109.    Plaintiff incorporates herein each and every allegation set forth above.

21       110.    A duty of good faith and fair dealing was implied by law into the contract that is at

22  issue in this action. Defendants duties of good faith and fair dealing included, but were not limited

23  to, the following:

24       111.    Defendants had a duty to pay at least as much consideration to Plaintiff's financial

25  interests as to Defendants' financial interest;

26       112.    Defendants had a duty to comply with all applicable laws in the State of California.

27       113.    At all times herein relevant, Defendants agreed to act in good faith and deal fairly

28

1   with Plaintiff when they entered into the mortgages and accepted payments from Plaintiff.

2   Defendant thereby assumed obligations of good faith and fair dealing toward Plaintiff and thereby

3   agreed to abide by such obligations.

4          114.    Nevertheless, Defendants breached the implied duty of good faith and fair dealing

5   owed to Plaintiff by, among other things, performing the acts and failures to act herein alleges,

6   and by failing to perform the duties specifically enumerated herein. Defendants further breached

7   the duty of good faith and fair dealing, by;

8           a.     Failing to put as much consideration to Plaintiff's interests as to Defendants'

9                 interest;

10          b.     Initiating foreclosure proceedings on the property despite not having the right to do

11                so and failure to comply with California law;

12          c.     Failing to give proper notice before commencing foreclosure;

13          d.     Sending deceptive letters to Plaintiff advising Plaintiff of their ability to short sale

14                her property when Defendants had no intention to act.

15         115.    In the absence of a reasonable basis for doing so, and with full knowledge and/or

16  reckless disregard of the consequences, Defendants further acted in bad faith toward Plaintiff by,

17  among other things, failing to comply with all applicable laws, including notice requirements

18  before foreclosure.  Plaintiff is informed and believes and thereon alleges that Defendants have a

19  pattern and practice of similar bad faith conduct toward other borrowers, who have similar

20  problems.

21         116.    As a direct and proximate result of Defendants' breaches of the covenant of good

22  faith and fair dealing alleges herein, Plaintiff has suffered damages, incurred attorneys' fees and

23  costs to recover the property suffered a loss of reputation and goodwill, suffered emotional

24  distress, and suffered other economic losses and damages in amounts not yet fully ascertained, but

25  within the jurisdiction of this Court.

26         117.    Defendant pursued said course of conduct intentionally and maliciously and in

27  conscious disregard of the rights of Plaintiff and her economic interests.  Further, Defendants'

28

**COMPLAINT**

1  refusal to follow through on their duty to assist Plaintiff was made with the intent to intimidate,

2  vex and harass Plaintiff, so as to discourage his from pursuing his legal rights under the mortgage.

3  In order to deter such conduct of Defendants in the future and prevent repetition thereof as a

4  practice, by way of punishment and as example, Plaintiff prays that exemplary damages be

5  awarded according to proof at trial pursuant to Civil Code § 3294.

6      WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as

7  hereinafter set forth below.

8                                  **TENTH CAUSE OF ACTION**

9                                  **WRONGFUL FORECLOSURE**

10                          **(Against Defendants Countrywide Home Loans,**

11                  **Select Portfolio Servicing and Reconstruct Company, N.A.)**

12      118.    Plaintiff incorporates herein each and every allegation set forth above.

13      119.    California Commercial Code Section 3301 specifically identifies the persons who

14  are entitled to enforce a security interest, such as instituting a foreclosure sale under a deed of

15  trust.  The statute is exclusive rather than inclusive in nature, and those who are not identified do

16  not have the right to enforce such an interest.

17      120.    Plaintiff is informed and believes and thereon alleges that Defendants Countrywide

18  Home Loans, Select Portfolio Servicing and Reconstruct Company, N.A. were not and are not in

19  possession of the Notes, and are not beneficiaries, assignees or employees of the person or entity

20  in possession of the note, and are not otherwise entitled to payment. Moreover, Plaintiff is

21  informed and believes and thereon alleges that said Defendants are not "person[s] entitled to

22  enforce" the security interest on the Property, as that term is defined in Commercial Code Section

23  3301.

24      121.    In the Notice of Trustee's Sale, Defendant Reconstruct Company, N.A. claimed

25  that it was the duly appointed trustee pursuant to the Deeds of Trust but fails to identify who is the

26  holder of the beneficial interest.  Plaintiff is informed and believes and thereon alleges that

27  Defendants are not in possession of the Notes, and are not entitled to enforce the security interest

28

**COMPLAINT**

1  on the Property.

2       122.    Said Defendants also failed to properly record and give notice of the Notice of

3  Default which apparently occurred on or about February 11, 2008, as provided by California Civil

4  Code Section 2923.5, subsection (b).  It follows that trustors who are not properly informed of a

5  substitution of trustee cannot exercise their rights to investigate the circumstances of the

6  foreclosure proceedings. Indeed, in the instant action, Plaintiff sent a Qualified Written Request to

7  Defendants Countrywide Home Loans and Select Portfolio Servicing but, to date, have not

8  received a proper response.

9       123.    Said Defendants' failure to comply with statutory notice requirements denied

10  Plaintiff the opportunity to exercise the rights that the statutory notice is specifically designed to

11  protect.

12       124.    Further, on October 3, 2008 The Emergency Economic Stabilization Act of 2008

13  (EESA) was signed into law.  In implementing the Act, the United States Treasury has instituted a

14  number of programs, including the "Making Homes Affordable" act, Capital Purchase Program,

15  and Capital Assistance Program, among others.  Pursuant to the plans, and the authority provided

16  by H.R.1424 Title I Sec. 109-110, the United States Treasury has ordered that all recipients of

17  capital investments under the Financial Stability Plan will be required to commit to participate in

18  mortgage foreclosure mitigation programs consistent with guidelines Treasury released as part of

19  its Making Home Affordable mortgage modification program.

20       125.    Plaintiff is informed and believe and thereon alleges that ,the parent companies for

21  Countrywide Home Loans and Select Portfolio Servicing, pursuant to the United States

22  Department of the Treasury Section 105(a) Troubled Asset Relief Program (TARP) Report to

23  Congress, the parent company received monies from the U.S. Government in purchases of

24  troubled assets in 2008.

25       126.    As a recipient of TARP funds, is subject to the U.S. Treasury's modification

26  program guidelines for the Making Home Affordable Program.  Said guidelines, promulgated on

27  March 4, 2009 clearly require "Any foreclosure action ... be temporarily suspended during the trial

28

**COMPLAINT**

1  period, or while borrowers are considered for alternative foreclosure prevention options.  In the

2  event that the Home Affordable Modification or alternative foreclosure options fail, the

3  foreclosure action may be resumed."

4      127.    Defendants have failed to suspend the foreclosure action to allow for consideration

5  of alternative foreclosure prevention options.

6      128.    As a direct and proximate result of said Defendants' wrongful actions, Plaintiff has

7  suffered damages, including, but not limited to, direct monetary loss, consequential damages, and

8  emotional distress.

9      129.    In committing the wrongful acts alleged herein, said Defendants acted with malice,

10  oppression and fraud.  Said Defendants' willful conduct warrants an award of exemplary damages

11  in an amount sufficient to punish the wrongful conduct and deter such misconduct in the future.

12

13                        **DEMAND FOR JURY TRIAL**

14      Plaintiff Erin Bogdan demands a trial by jury.

15      WHEREFORE, Plaintiff prays for judgment and order against Defendants as follows:

16      1.    That judgement be entered in his favor and against Defendants, and each of them;

17      2.    For an order requiring Defendants to show cause, if they have any, why they should

18            not be enjoined as set forth below, during the pendency of the action;

19      3.    For an a temporary restraining order, preliminary and permanent injunction

20            preventing Defendants, or anyone acting under in concert with them, from

21            collecting on the subject loan and from causing the Property to be sold, assigned or

22            transferred to a third party;

23      4.    For an order stating that Defendants engaged in unfair business practices;

24      5.    For damages, disgorgement, and injunctive relief under California's common and

25            statutory law of unfair business practices;

26      6.    For compensatory and statutory damages, attorneys' fees and costs according to

27            proof at trial;

28

**COMPLAINT**

1

2

3

      7.      For exemplary damages in an amount sufficient to punish Defendants' wrongful

conduct and deter future misconduct;

      8.      For such other and further relief as the Court may deem just and proper.

DATED: June 11, 2009

                                                Respectfully submitted

                                              /s/ Michael J. M. Brook
                                              MICHAEL J.M. BROOK
                                              Attorney for Plaintiff Erin Bogdan

24

**COMPLAINT**