UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIN BOGDAN,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTRYWIDE HOME LOANS, SELECT PORTFOLIO SERVICING, DECISION ONE MORTGAGE COMPANY, RECONTRUST COMPANY, N.A., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., HOME SWEET HOME REALTY AND MORTGAGE, ANITA ROMAN, ERIC MORALES, and DOES 1-20 inclusive,<br><br>    Defendants. | CIV-F-09-1055 AWI SMS<br><br>ORDER RE: MOTIONS TO DISMISS<br><br>(Docs. 15 and 17) |

**I. History**[1]

The claims in this suit arise from two mortgages Plaintiff Erin Bogdan ("Plaintiff") obtained for the purchase of her home at 4684 N. Windward Way, Clovis, CA. In June 2005, Defendant Eric Morales ("Morales") approached Plaintiff about financing a home loan. Morales

---

[1] The factual history is provided for background only and does not form the basis of the court's decision; the assertions contained therein are primarily based on the complaint and not necessarily taken as adjudged to be true. The legally relevant facts relied upon by the court are discussed within the analysis.

1

informed Plaintiff that he was a loan officer for Defendant Home Sweet Home Realty and Mortgage ("Home Sweet"), and that he could get her the best rates and deal for a mortgage. Plaintiff utilized Morales's services in procuring a loan. Plaintiff claims Defendant Anita Roman ("Roman") is the real estate broker of record for Home Sweet. Plaintiff provided Roman with information which showed her monthly income as $3,600. Roman filled out Plaintiff's loan application on which Roman stated (without Plaintiff's knowledge) monthly income as $7,950. Morales advised Plaintiff that she could get financing for 100% of the sale price of the home at a low fixed rate of interest. Plaintiff ultimately got two loans: the first loan had an initial 7.27% rate and the second loan had an initial 11.49% rate, both of which were adjustable. Morales told Plaintiff that if the loan ever became unaffordable, she could refinance.

On June 9, 2006, Plaintiff completed the loans on the Property. Plaintiff was not given a copy of the loan documents prior to closing. At closing, Plaintiff was only given a few minutes to sign; Plaintiff did not have much time to review them. On June 16, 2006, two deeds of trust were filed with the Fresno County Recorder's Office, numbered 2006-0126653 and 2006-0126654. On both deeds, the lender was Defendant Decision One Mortgage Company, LLC ("Decision One") with Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary and nominee for the lender. The trustee on both was non-party First American Title Insurance Company. On May 29, 2009, Defendant Recontrust Company ("Recontrust" and occasionally referred to by Plaintiff erroneously as Reconstruct) filed a substitution of trustee as to the first deed. The servicer of the first loan is Defendant Countrywide Home Loans, Inc. ("Countrywide"); the servicer of the second loan is Defendant Select Portfolio Servicing, Inc. ("Select Portfolio"). On November 5, 2007, and February 25, 2009, Recontrust filed notice of defaults. Recontrust sent Plaintiff notices of trustee sales on February 6, 2008, and May 27, 2009.

Plaintiff initially filed suit on June 16, 2009. Her amended complaint alleges causes of action for: (1) violation of Truth-in-Lending Act ("TILA") against Decision One; (2) violation of California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA") against Countrywide, Select Portfolio, Decision One, and Recontrust; (3) negligence against all Defendants; (4)

violation of Real Estate Settlement Procedures Act ("RESPA") against Countrywide, Select Portfolio, and Decision One; (5) breach of fiduciary duty against Morales, Home Sweet, Decision One, and Roman; (6) fraud against all Defendants; (7) violation of California's Business & Professions Code § 17200 ("UCL") against all Defendants ; (8) breach of contract against Countrywide and Decision One; (9) breach of implied covenant of good faith and fair dealing against Countrywide and Decision One; and (10) wrongful foreclosure against Countrywide, Select Portfolio, and Recontrust.

Select Portfolio has filed a motion to dismiss for failure to state a claim. Separately, Countrywide, Recontrust, and MERS (collectively "Moving Defendants") have also filed a motion to dismiss. Plaintiff opposes the motions. The court took the matters under submission without oral argument.

## II. Legal Standards

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. <u>Navarro v. Block</u>, 250 F.3d 729, 732 (9th Cir. 2001). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)....a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable" <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555-56 (2007), citations omitted. "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the

3

court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not shown that the pleader is entitled to relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009), citations omitted. The court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). The court must also assume that "general allegations embrace those specific facts that are necessary to support the claim." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 889 (1990), citing Conley v. Gibson, 355 U.S. 41, 47 (1957), overruled on other grounds at 127 S. Ct. 1955, 1969. Thus, the determinative question is whether there is any set of "facts that could be proved consistent with the allegations of the complaint" that would entitle plaintiff to some relief. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002). At the other bound, courts will not assume that plaintiffs "can prove facts which [they have] not alleged, or that the defendants have violated...laws in ways that have not been alleged." Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983).

In deciding whether to dismiss a claim under Rule 12(b)(6), the Court is generally limited to reviewing only the complaint. "There are, however, two exceptions....First, a court may consider material which is properly submitted as part of the complaint on a motion to dismiss...If the documents are not physically attached to the complaint, they may be considered if the documents' authenticity is not contested and the plaintiff's complaint necessarily relies on them. Second, under Fed. R. Evid. 201, a court may take judicial notice of matters of public record." Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001), citations omitted. The Ninth Circuit later gave a separate definition of "the 'incorporation by reference' doctrine, which permits us to take into account documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading." Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005), citations omitted. "[A] court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss. Facts raised for the first time in opposition papers should be considered by the court in determining whether to grant leave to amend or to dismiss the

complaint with or without prejudice." Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003), citations omitted.

If a Rule 12(b)(6) motion to dismiss is granted, claims may be dismissed with or without prejudice, and with or without leave to amend. "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc), quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995). In other words, leave to amend need not be granted when amendment would be futile. Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002).

### III. Discussion

In the FAC (the operative complaint), Plaintiff lists six causes of action against Select Portfolio: RFDCPA, negligence, RESPA, fraud, UCL, and wrongful foreclosure. Plaintiff lists eight causes of action against Moving Defendants: RDFCPA, negligence, RESPA, fraud, UCL, breach of contract, breach of implied covenant of good faith and fair dealing, and wrongful foreclosure. The TILA and breach of fiduciary duty claims need not be addressed as they are charged against Defendants who have not made any motion to dismiss. Plaintiff has agreed to dismiss the breach of contract and breach of implied covenant of good faith and fair dealing claims against Moving Defendants, so those claims need not be addressed. Plaintiff has also agreed to dismiss the wrongful foreclosure claim against Select Portfolio, but maintains that the cause of action is adequately plead as to Moving Defendants.

Plaintiff's allegations in the FAC are generally vague. Upon review of the remaining six causes of action at issue, the court finds that Plaintiff has failed to state a claim against Select Portfolio and the Moving Defendants. The dismissal of the claims are without prejudice and Plaintiff is granted leave to amend to give additional detail that might support her claims.

**A. Rosenthal Fair Debt Collection Practices Act**

Plaintiff alleges Defendants violated the RFDCPA generally without citing any specific

provision: "Defendants Countrywide, Select Portfolio, Decision, and Reconstruct's actions constitute a violation of the Rosenthal Act in that they threatened to take actions not permitted by law, including but not limited to: collecting on a debt not owed to Defendants Countrywide, Select Portfolio, Decision, and Reconstruct, making false reports to credit reporting agencies, foreclosing upon a void security interest, foreclosing upon a Note of which they were not in possession nor otherwise entitled to payment, falsely stating the amount of a debt, increasing the amount of a debt by including amounts that are not permitted by law or contract, and using unfair and unconscionable means in an attempt to collect a debt." Doc. 13, FAC, at 14:9-16. Select Portfolio claims that it is not a debt collector and therefore is not covered by the RFDCPA. The Moving Defendants claim that foreclosure does not constitute an act of debt collection, and therefore their actions are not covered by the RFDCPA.

The RFDCPA includes the following relevant definitions: "The term 'debt collection' means any act or practice in connection with the collection of consumer debts. The term 'debt collector' means any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection. The term includes any person who composes and sells, or offers to compose and sell, forms, letters, and other collection media used or intended to be used for debt collection, but does not include an attorney or counselor at law." Cal. Civ. Code § 1788.2(b) and (c). Generally, RFDCPA prohibits debt collectors from engaging in harassment, making threats, using profane language, falsely simulating the judicial process, and cloaking its true nature in collecting debt. See Cal. Civ. Code §§ 1788.10-1788.18.

Recontrust is the substitute trustee under the deed of trust. Doc. 17, Part 2, Ex. G, at 41. Countrywide and Select Portfolio are loan servicers. "[T]he law is clear that foreclosing on a property pursuant to a deed of trust is not a debt collection within the meaning of the RFDCPA or the FDCA. Therefore, as the trustee under the Deed of Trust with the power to sell the foreclosed property, Trustee Corps cannot have violated the RFDCPA and the FDCA." <u>Gamboa v. Tr. Corps & Cent. Mortg. Loan Servicing Co.</u>, 2009 U.S. Dist. LEXIS 19613, *11 (N.D. Cal. Mar. 12, 2009). Plaintiff argues that some of her allegations against Countrywide and Select Portfolio do not involve foreclosure. Plaintiff's allegations regarding increasing the amount of

debt, contacting credit reporting agencies, and using unfair/unconscionable means to collect debt are not specific enough to state a cause of action under RFDCPA. The court can not determine which parts of the RFDCPA the Defendants are alleged to have violated. Regarding the allegations of communication with credit reporting agencies, "the disclosure, publication or communication by a debt collector of information relating to a consumer debt or the debtor to a consumer reporting agency or to any other person reasonably believed to have a legitimate business need for such information shall not be deemed to violate this title." Cal. Civ. Code § 1788.12(e). In at least two other cases, complaints with largely identical language were found to insufficiently state an RFDCPA cause of action. See Sipe v. Countrywide Bank, 2010 U.S. Dist. LEXIS 12951, *19-20 (E.D. Cal. Feb. 16, 2010); Gonzalez v. First Franklin Loan Servs., 2010 U.S. Dist. LEXIS 1657, *17-18 (E.D. Cal. Jan. 9, 2010).

**B. Negligence**

Plaintiff alleges "Defendants Countrywide, Select Portfolio, Decision, Reconstruct, and MERS owed a duty to the Plaintiff to perform acts in such a manner as to not cause Plaintiff harm. Plaintiff is informed and believes and thereupon alleges that Defendants breached their duty of care to the Plaintiff when they failed to maintain the original Mortgage Notes, failed to properly create original documents, and failed to make the required disclosures to the Plaintiff." Doc. 13, FAC, at 15:15-20. Moving Defendants argue that there is no duty of care owed to Plaintiff. Under California law, the elements of a cause of action for negligence are "(1) a legal duty to use reasonable care, (2) breach of that duty, and (3) proximate [or legal] cause between the breach and (4) the plaintiff's injury." Mendoza v. City of Los Angeles, 66 Cal. App. 4th 1333, 1339 (Cal. Ct. App. 1998). "The existence of a legal duty to use reasonable care in a particular factual situation is a question of law for the court to decide." Vasquez v. Residential Investments, Inc., 118 Cal. App. 4th 269, 278 (Cal. Ct. App. 2004).

The allegations that Defendants were negligent in failing to maintain the original promissory note and in failing to properly create original documents do not state a claim. Plaintiff has not identified any defect in the promissory note, deed of trust, or attached documents.

Moreoever, possession of the note is not required in a non-judicial foreclosure. Brosnan v. Countrywide Home Loans Inc., 2009 U.S. Dist. LEXIS 92480, *19 (N.D. Cal. Oct. 5, 2009); Smith v. Wachovia, 2009 U.S. Dist. LEXIS 57553, *6 (N.D. Cal. July 6, 2009). Regarding the claims concerning disclosures, that appears to be a reference to Plaintiff's RESPA cause of action. See Doc. 22, Plaintiff's Opposition, at 19:25-20:7. As discussed below, Plaintiff has not yet stated a valid cause of action under RESPA.

**C. Real Estate Settlement Procedures Act**

Under RESPA, a qualified written request ("QWR") is "a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that- (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B). When a borrower sends a QWR to a loan servicer, the servicer must provide a written explanation of any action taken in response to the QWR "Not later than 60 days (excluding legal public holidays, Saturdays, and Sundays) after the receipt from any borrower of any qualified written request." 12 U.S.C. § 2605(e)(2).

Plaintiff alleges, "On or about June 10, 2009, a Qualified Written Request under RESPA...was mailed to Defendant Countrywide and Select Portfolio. The QWR included a demand to rescind the loans under the TILA provisions. Defendant Countrywide and Select Portfolio has yet to properly respond to this Request.... Defendant Countrywide and Select Portfolio violated RESPA, 12 U.S.C. §2605(e)(2), by failing and refusing to provide a proper written explanation or response to Plaintiff's QWR." Doc. 13, FAC, at 8:1-4 and 16:21-23. The FAC was filed August 14, 2009. By Plaintiff's own admission, it is uncertain when she sent the QWRs and when Select Portfolio and Countrywide received them. Given the timing, it is clear that the 60 workday period had not yet run. The wording of the FAC correctly states that Select Portfolio and Countrywide have "yet" to comply with RESPA, granting that they still have time to do so. Both Select Portfolio and Moving Defendants point out that no claim can be stated

before the deadline passes. See Doc. 15, Select Portfolio's Brief, at 6:7; Doc. 24, Moving Defendants' Reply, at 17:17-19. A complaint may not state a claim until the deadline has passed. See Jones v. ABN AMRO Mortg. Group, Inc., 551 F. Supp. 2d 400, 411 (E.D. Pa. 2008) ("The response deadline had not passed when Plaintiffs filed their Complaint on November 9, 2007. The QWR claim fails as a matter of law and fact").

Plaintiff also states "it remains unclear whether Defendants named in this lawsuit, CHL included, received 'kickbacks' or referral fees disproportional to the work performed, which is prohibited under 12 U.S.C. §2607(a)." Doc. 22, Plaintiff's Opposition, at 23:5-8. Such an allegation is not included in the FAC and so will not be considered. As Plaintiff is granted leave to amend, Plaintiff can clarify her potential RESPA claims.

**D. Fraud**

Under California law, the "elements of fraud are: (1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage." Robinson Helicopter Co., Inc. v. Dana Corp., 34 Cal.4th 979, 990 (2004). Federal Rule of Civil Procedure 9(b) requires that, when averments of fraud are made, the circumstances constituting the alleged fraud must be "specific enough to give defendants notice of the particular misconduct...so that they can defend against the charge and not just deny that they have done anything wrong." Though the substantive elements of fraud are set by a state law, those elements must be pled in accordance with the requirements of Rule 9(b). See Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103 (9th Cir. 2003). Allegations of fraud should specifically include "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007). "The plaintiff must set forth what is false or misleading about a statement, and why it is false." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003). Stated differently, the complaint must identify "the who, what, when, where, and how" of the fraud. Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009).

| | |
|---|---|
| 1 | Plaintiff generally alleges "Defendants Countrywide, Select Portfolio, Decision, Reconstruct, MERS Home Sweet, Roman, and Morales, and each of them, have made several representations to Plaintiff with regard to material facts....[They] knew that these material representations were false when made, or these material representations were made with reckless disregard for the truth." Doc. 13, FAC, at 18:19-26.  In the briefing, Plaintiff presents two theories for a fraud claim. The first theory alleges "on June 9, 2006 she was induced into accepting two predatory mortgage loans that were based on overstated income information on her loan application by broker Defendants and resulted in terms that were detrimental to her." Doc. 18, Plaintiff's Opposition, at 17:11-14.  In the FAC, Plaintiff alleges that only Morales, as a representative of Home Sweet, advised her concerning the suitability of the mortgages. See Doc. 13, FAC, at 6:7-7:5.  The allegations do not involve Select Portfolio or Moving Defendants; no applicable misrepresentation is identified and so the allegations fail to state a fraud claim.  The second theory alleges |

> 18. Plaintiff is informed and believes and thereon alleges that beginning in 1998, lenders, their agents, employees, and related servicers, including Defendants, developed a scheme to rapidly infuse capital into the home mortgage lending system by selling mortgages on the secondary market, normally three to five times, to create a bankruptcy remote transaction. The lenders, their agents, employees, and related servicers, including Defendants, then pooled these mortgages into large trusts, securitizing the pool and selling these securities on Wall Street as mortgage backed securities, bonds, derivatives and insurances, often for twenty or thirty times the original mortgage.
>
> 19. Plaintiff is informed and believes and thereon alleges that in 'selling' these mortgage notes on the secondary market, Defendants failed to follow the basic legal requirements for the transfer of a negotiable instrument and an interest in real property. While lenders could have simply gone to Congress to amend existing law so that it would allow for their envisioned transfers, they did not. Instead the lenders, Defendants included, simply ignored the legal requirements.
>
> 20. Plaintiff is informed and believes and thereon alleges that in fact, no interest in the Mortgage Note, Deed of Trust or Property was ever legally transferred to any of the Defendants, and that the Defendants are in effect legal strangers to this contractual transaction.

Doc. 13, FAC, at 5:6-22.  Plaintiff "does not identify which legal requirements were not followed, when the representations were made, or how the representations were made." Johnson v. Wash. Mut., 2010 U.S. Dist. LEXIS 22959, *24 (E.D. Cal. Feb. 24, 2010).  These allegations are insufficient to state a fraud cause of action.

**E. Unfair Competition Law**

"The UCL defines unfair competition as 'any unlawful, unfair or fraudulent business act or practice.' Therefore, under the statute there are three varieties of unfair competition: practices which are unlawful, unfair or fraudulent." In re Tobacco II Cases, 46 Cal. 4th 298, 311 (Cal. 2009), citations and quotations omitted. Plaintiff alleges generally that "Defendants Countrywide, Select Portfolio, Decision, Reconstruct, MERS, Home Sweet, Roman, and Morales acts as alleged herein constitute unlawful, unfair, and/or fraudulent business practices, as defined in the California Business and Professions Code §17200 et seq." Doc. 13, FAC, at 19:21-24.

In briefing, Plaintiff presents two theories. First, "Plaintiff alleged multiple violations ('hooks') of specific statutory and common law provisions under the federal and state laws, including claims for RESPA violations, fraud, negligence, and Rosenthal Act violations, among others, against the Moving Defendants. The latter in turn are incorporated into Plaintiff's UCL claim." Doc. 22, Plaintiff's Opposition, at 25:5-11. Plaintiff appears to be seeking to state a claim for unlawful business practices which "include[] anything that can properly be called a business practice and that at the same time is forbidden by law...in essence, an action based on Business and Professions Code section 17200 to redress an unlawful business practice 'borrows' violations of other laws and treats these violations, when committed pursuant to business activity, as unlawful practices independently actionable under section 17200 et seq. and subject to the distinct remedies provided thereunder." Farmers Ins. Exchange v. Superior Court, 2 Cal. 4th 377, 383 (Cal. 1992), citations and quotations omitted. As all other claims against Select Portfolio and Moving Defendants are being dismissed, there is no violation that can be "borrowed" to support a UCL cause of action.

Second, Plaintiff claims she has "made viable charging allegations that Defendant MERS engaged in unfair and fraudulent business practices. Plaintiff has clearly pled that Defendant MERS engaged in transacting business in the state of California, in violation of Cal. Corp. Code §2105(a). Further, Defendant MERS' practice of foreclosing as a beneficiary against borrowers, Plaintiff included, without any legal right to do so purportedly in the name of efficiency, is deceiving to the public and far outweighs the resulting harmful impact on the Plaintiff." Doc. 22,

Plaintiff's Opposition, at 25:19-26, citations omitted.  Cal. Corp. Code §2105(a) states "A foreign corporation shall not transact intrastate business without having first obtained from the Secretary of State a certificate of qualification."  As Moving Defendants point out, the courts have rejected the argument that MERS may not foreclose on property because its activities are not considered intrastate business. See Lomboy v. SCME Mortg. Bankers, 2009 U.S. Dist. LEXIS 44158, *7 (N.D. Cal. May 26, 2009); Swanson v. EMC Mortg. Corp., 2009 U.S. Dist. LEXIS 107912, *26-27 (E.D. Cal. Oct. 29, 2009).

**F. Wrongful Foreclosure**

Under this cause of action, Plaintiff makes several separate allegations.  First, Plaintiff's tenth cause of action is entitled "wrongful foreclosure" but she does not allege that a foreclosure sale has taken place.  "[A] purported wrongful foreclosure claim is premature given there has been no foreclosure of the property. The wrongful foreclosure claim fails to allege a cognizable cause of action in absence of a foreclosure sale." Vega v. JP Morgan Chase Bank, N.A., 654 F. Supp. 2d 1104, 1113 (E.D. Cal. 2009), citing Munger v. Moore, 11 Cal. App. 3d 1, 7 (Cal. Ct. App. 1970).

Second, Plaintiff alleges that "Defendants Countrywide, Select Portfolio, and Reconstruct were not and are not in possession of the Notes and are not beneficiaries assignees or employees of the person or entity in possession of the Notes, and are not beneficiaries, assignees or employees of the person or entity in possession of the Notes, and are not otherwise entitled to payment. Moreover, Defendants Countrywide, Select Portfolio, and Reconstruct are not 'person[s] entitled to enforce' the security interest on the Property, as that term is defined in Commercial Code §3301." Doc. 13, FAC, at 23:12-18.  However, Cal. Com. Code §3301 does not apply in this case as it "reflects California's adoption of the Uniform Commercial Code, and does not govern non-judicial foreclosures, which is governed by California Civil Code §2924." Pok v. American Home Mortg. Servicing, Inc., 2010 U.S. Dist. LEXIS 9016, *19 (E.D. Cal. Feb. 3, 2010).  As numerous courts have held, production of the original note is not required to initiate non-judicial foreclosures in California. See Pagtalunan v. Reunion Mortg., Inc., 2009 U.S. Dist.

LEXIS 34811, *6 (N.D. Cal. Apr. 8, 2009); Putkkuri v. ReconTrust Co., 2009 U.S. Dist. LEXIS 32, *5 (S.D. Cal. Jan 5, 2009).

Third, Plaintiff alleges, "Defendants Countrywide, Select Portfolio, and Reconstruct also failed to properly record and give notice of the Notice of Default, which apparently occurred on or about November 05, 2007 and February 25, 2009. Said failures are in direct violation of the notice and recording requirements set forth in California Civil Code §2923.5. As a result, trustors, Plaintiff included, who are not properly informed regarding a pending substitution of trustee cannot exercise their rights to investigate the circumstances of the foreclosure proceedings." Doc. 13, FAC, at 23:24-24:3. Plaintiff clarifies her position to be that "Moving Defendants initiated foreclosure against Plaintiff's Property without authority rendering their purported compliance with Cal. Civ. Code §2923.5 immaterial....Plaintiff's position is that the Moving Defendants initiated foreclosure proceedings against Plaintiff's Property without any right to do so, as discussed *supra*." Doc. 22, Plaintiff's Opposition, at 30:21-26. In this manner, the theory of the claim collapses into the second argument (no possession of note and no compliance with Section 3301). As stated above, there is no requirement for production of the original note and non-judicial foreclosure is not governed by Cal. Com. Code §3301.

Fourth, Plaintiff alleges that the Emergency Economic Stabilization Act of 2008 and the Troubled Asset Relief Program require that foreclosures "'be temporarily suspended during the trial period, or while borrowers are considered for alternative foreclosure prevention options. In the event that the Home Affordable Modification or alternative foreclosure options fail, the foreclosure action may be resumed.' Defendants have failed to suspend the foreclosure action to allow the Plaintiff to be considered for alternative foreclosure prevention options." Doc. 13, FAC, at 24:23-25:1. There is no indication that these government programs were designed to grant individuals the right to sue over a failure to suspend foreclosure proceedings. Moving Defendants point out that while statute allows for judicial review of the Secretary of the Treasury's actions, there is no mention of any individual right to sue. See Pub. L. No. 110-343 §119 (2008). Plaintiff does not address this issue in her opposition.

## IV. Order

Defendants Select Portfolio Servicing, Inc.'s, Mortgage Electronic Registration Systems's, Inc., Recontrust Company's, and Countrywide Home Loans, Inc.'s motions to dismiss are GRANTED. All claims against these Defendants are DISMISSED without prejudice. Plaintiff Erin Bogdan may file an amended complaint within twenty (20) days of the service of this order. If she fails to do so, the court will dismiss these Defendants from this case.

IT IS SO ORDERED.

Dated: March 25, 2010 /s/ Anthony W. Ishii
CHIEF UNITED STATES DISTRICT JUDGE